[Cite as *State v. Burns*, 2016-Ohio-4833.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES: |
| | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. John W. Wise, J. |
| | Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 15-CA-98 |
| ROBERT BURNS, JR. | |
| | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Licking County Court of
                             Common Pleas, Case No. 12 CR 00116


JUDGMENT:                     Affirmed

DATE OF JUDGMENT ENTRY:       July 6, 2016

APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

KENNETH OSWALT                        ROBERT BURNS, PRO SE
Licking County Prosecutor             No. 659-615
                                      P.O. Box 5500
CHRISTOPHER REAMER                    Chillicothe, Ohio 45601
Assistant Prosecutor
20 South Second Street, 4th Floor
Newark, Ohio 43055

*Hoffman, P.J.*

{¶1}   Defendant-appellant Robert Burns, Jr. appeals the November 25, 2015 Judgment Entry entered by the Licking County Court of Common Pleas denying his petition for post-conviction relief. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE CASE[1]

{¶2}   Following a jury trial, Appellant was convicted of three counts of illegal use of a minor in a nudity oriented performance, in violation of R.C. 2907.323; three counts of corruption of a minor, in violation of R.C. 2907.04(A); and one count of corrupting another with drugs, in violation of R.C. 2925.02. The victim of all of the above offenses was Appellant's minor son's girlfriend.

{¶3}   On May 2, 2012, Appellant filed a direct appeal from his conviction and sentence.

{¶4}   Via Opinion and Judgment Entry filed October 9, 2012, this Court affirmed Appellant's conviction and sentence in the Licking County Court of Common Pleas.

{¶5}   On October 22, 2015, Appellant filed a petition for post-conviction relief.

{¶6}   Via Judgment Entry entered November 25, 2015, the trial court denied Appellant's petition for post-conviction relief as untimely.

{¶7}   Appellant appeals, assigning as error,

{¶8}   "I. THE TRIAL COURT ERRED IN ITS DENIAL OF APPELLANT'S FIRST CLAIM FOR RELIEF IN VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENT'S [SIC] OF THE UNITED STATES CONSTITUTION, ARTICLE I,

---

[1] A rendition of the underlying facts is unnecessary for resolution of this appeal.

SECTION 10 OF THE OHIO CONSTITUTION, AND BRADY VS. MARYLAND, 373 U.S. 83, 10 L. ED. 2D 215, 83 S. CT. 1197 (1963).

{¶9} "II. THE TRIAL COURT ERRED IN ITS DENIAL OF APPELLANT'S SECOND CLAIM FOR RELIEF IN VIOLATION OF THE FOURTH, FIFTH, SIXTH, AND FOURTEENTH AMENDMENT'S [SIC] OF THE UNITED STATES CONSTITUTION, AND ARTICLE I, SECTION 10, AND 14 OF THE OHIO CONSTITUTION.

{¶10} "III. THE TRIAL COURT ERRED IN ITS DENIAL OF APPELLANT'S [SIC] THIRD CLAIM FOR RELIEF, IN VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENT'S [SIC] OF THE UNITED STATES CONSTITUTION, AND THE RIGHT TO EQUAL PROTECTION OF THE LAW.

{¶11} "IV. THE TRIAL COURT ERRED IN ITS DENIAL OF APPELLANT'S [SIC] FOURTH CLAIM FOR RELIEF WITHOUT HOLDING AN EVIDENTRY [SIC] HEARING, IN VIOLATION OF HIS DUE PROCESS [SIC] AND A SPEEDY TRIAL, IN VIOLATION OF THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENT'S [SIC] OF THE UNITED STATES CONSTITUTION AND ARTICLE 1, SECTION 10 OF THE OHIO CONSTITUTION.

{¶12} "V. APPELLANT WAS DENIED THE RIGHT TO A FAIR TRIAL, AND DUE PROCESS OF LAW, DUE TO THE INEFFECTIVE ASSISTANCE OF COUNSEL, IN VIOLATION OF THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENT'S [SIC] OF THE UNITED STATES CONSTITUTION, AND ARTICLE 1, SECTION 10 OF THE OHIO CONSTITUTION?"

I. II. III. IV. and V.

**{¶13}** We decline to address the merits of Appellant's assigned errors as we find the trial court's determination Appellant's petition for post-conviction relief was untimely was correct. Accordingly, we affirm the judgment of the trial court.

**{¶14}** R.C. 2953.21(A)(2) provides,

(2) Except as otherwise provided in section 2953.23 of the Revised Code, a petition under division (A)(1) of this section shall be filed no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court. If no appeal is taken, except as otherwise provided in section 2953.23 of the Revised Code, the petition shall be filed no later than three hundred sixty-five days after the expiration of the time for filing the appeal.

**{¶15}** R.C. 2953.23, reads,

(A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless division (A)(1) or (2) of this section applies:

(1) Both of the following apply:

(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.

{¶16} Appellant herein does not provide any justification for the untimely filing of his petition for post-conviction relief, and does not satisfy any of the exceptions provided for in R.C. 2953.23.

{¶17} Appellant's assignments of error are overruled.

{¶18} The judgment of the trial court is affirmed.


By: Hoffman, P.J.

Wise, J.  and

Baldwin, J. concur